# In the United States Court of Federal Claims

No. 18-393C
(Filed: October 4, 2018)

| | |
|---|---|
| PLAINTIFF NO. 1, et al.,       ) | Keywords: Conditional Certification of |
| ) | Collective Action; FLSA; Common Issues |
| ) | of Law and Fact |
| Plaintiffs,    ) | |
| ) | |
| v.    ) | |
| ) | |
| THE UNITED STATES OF AMERICA,    ) | |
| ) | |
| Defendant.    ) | |
| ) | |
| ) | |
| ) | |

*Linda Lipsett*, Bernstein & Lipsett, P.C., Washington, DC, for Plaintiff. *Jules Bernstein*, Bernstein & Lipsett, P.C., Washington, DC, Of Counsel. *Daniel M. Rosenthal* and *Alice Hwang*, James & Hoffman, P.C., Washington, DC, Of Counsel.

*Jessica L. Cole*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, with whom were *Chad A. Readler*, Acting Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Reginald T. Blades, Jr.*, Assistant Director, for Defendant.

## OPINION AND ORDER

Before the Court is the Plaintiffs' unopposed motion for conditional certification of a collective action under § 216(b) of the Fair Labor Standards Act ("FLSA") and for authorization to mail notice to potential class members. Plaintiffs are 103 employees of the Federal Bureau of Investigation ("FBI") who, along with a group of several hundred similarly situated employees, allege various violations of the FLSA. Specifically, Plaintiffs argue that the FBI wrongfully classified them, and those similarly situated, as FLSA-exempt, thereby depriving these employees of overtime pay to which they were entitled under the FLSA. Compl. ¶¶ 12–13, ECF No. 1.

Plaintiffs' unopposed motion seeks conditional certification for "all past or present FBI employees who occupied the Investigative Specialist position as a GS-11 at any time from three years prior to the date of the notice to the present." Pls.'s Unopposed Mot. for Conditional Certification & Notice ("Mot.") at 1, ECF No. 70. For the following reasons, the motion is **GRANTED**.

## DISCUSSION

### A.  Conditional Certification

A collective action under the FLSA "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Would-be plaintiffs must "opt in," however—that is, they must give "consent in writing[,] . . . and such consent is filed in the court in which such action is brought." Id.

This Court uses a two-step approach to determine whether certification of a collective action is appropriate, which "involves a preliminary determination of whether the plaintiffs were subject to a common employment policy or plan, and then, after discovery, an opportunity for the defendant to decertify the collective action on the ground that the plaintiffs are not in fact similarly situated." Whalen v. United States, 85 Fed. Cl. 380, 383 (2009). The first step, known as conditional certification, facilitates the opt-in process by requiring the defendant to produce the names and addresses of employees in the proposed class and by settling the form of the notice to be distributed to the class. Id. At this stage, the Plaintiffs' burden is low. Barry v. United States, 117 Fed. Cl. 518, 521 (2014). Plaintiffs "need only make a modest factual showing based on the pleadings, affidavits, and other available evidence that potential class members are similarly situated." Id. (internal quotation marks and citations omitted). Potential class members are similarly situated if they share "common issues of law and fact arising from the same alleged [prohibited] activity." Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 170 (1989).

In the case at bar, Plaintiffs have successfully met their evidentiary burden. Though Plaintiffs rely on the allegations in their complaint, the information provided therein sufficiently defines the proposed class. Proposed plaintiffs hold a specific job position (Investigative Specialists) with the same job classification (GS-1801) at the same GS level (GS-11) at the same agency (the FBI) for the same time period ("three years prior to the date of notice to the present"). See Mot. at 1; Compl. ¶ 1. Indeed, this court has recently certified similar classes of individuals, with the same exact job code, who were deprived of overtime pay because the employing agency reclassified their positions as FLSA-exempt. See, e.g., Boggs v. United States, No. 17-1946C, 2018 WL 4062292, at *3 (Fed. Cl. Aug. 27, 2018) (certifying a proposed class of employees working in two job titles (GS-1801 and GS-0132) at the Bureau of Alcohol, Tobacco, Firearms, and Explosives who "were classified and treated as exempt from the FLSA until the positions were reclassified as non-exempt on May 1, 2018"); Barry, 117 Fed. Cl. at 521–22 (certifying a conditional class defined as any employee who worked in two specific positions (GS-1801 and GS-0132) within USCIS who had their FLSA exemption status converted from exempt to non-exempt from three years prior to the notice date through the present). Furthermore, the government apparently does not dispute that the proposed class encompasses persons similarly situated to the Plaintiffs. See Mot. at 3 ("[T]he Government does not dispute that notice of this lawsuit should be sent to putative plaintiffs so that they have the opportunity to join this action.").

Plaintiffs have put forward enough here to meet their modest evidentiary burden. Accordingly, the unopposed motion for conditional class certification is **GRANTED**.

**B. Notice**

If a court finds that a plaintiff and other potential plaintiffs are similarly situated, it may authorize notice be given to potential plaintiffs. See Hoffmann-La Roche, 493 U.S. at 170–71, (stating that a trial court has "managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way"). Such notice should prevent "a multiplicity of duplicative suits and set[] cutoff dates to expedite disposition of the action." Id. at 172. The Supreme Court has instructed that when "exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality. To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action." Id. at 174.

Plaintiffs and the government have agreed upon a proposed notice regarding the rights of potential plaintiffs to join this lawsuit. See Proposed Notice Ex. A, ECF No. 70-1. The Court is satisfied with this proposed notice. It avoids the appearance of judicial endorsement of the merits of the action. See id. at 2 ("The Court has made no ruling on the merits of plaintiffs' claims or the defendant's defenses."). See also Hoffmann-La Roche, 493 U.S. at 174; Boggs, No. 17-1946C, 2018 WL 4062292, at *3; Gayle v. United States, 85 Fed. Cl. 72, 80 (2015). Additionally, the notice informs potential plaintiffs that they may be deposed or required to testify, it establishes the cost payment structure for attorneys' fees and costs, and it notifies potential plaintiffs of their ability to file a separate lawsuit. Id. at 2–3; Mot. at 3–4. See also Boggs, No. 17-1946C, 2018 WL 4062292, at *3; Salomon v. Adderley Indus., Inc., 847 F. Supp. 2d 561, 566 (S.D.N.Y. 2012) (citing The Fair Labor Standards Act, 19–78–79 (Ellen C. Kearns et al. eds., 2d ed. 2010) (noting items that should be included in a court authorized notice)).

The Court approves the following notice procedures, as agreed upon by the parties:

Subject to an agreed upon protective order, Defendant will provide plaintiffs' counsel the names, email, and postal addresses of potential plaintiffs within 20 days of [this Order]. Plaintiffs' counsel will then promptly send the notice by email and first-class mail along with an enclosed self-addressed stamped envelope to potential plaintiffs for return by no later than 90 days from the date the notice is mailed. The email will contain only the Court-approved notice and no other language. The subject line of the email will be "Legal Notice of Collective Action and Opportunity to Join." The envelope sending the notice sent to postal addresses will have printed on the outside "Legal Notice of Collective Action and Opportunity to Join." To the extent the notice is undeliverable to potential plaintiffs' email or postal addresses, if necessary, the parties will confer within no more than five business days of plaintiffs' counsel so notifying government counsel.

After notice is sent once by email and first-class mail, Plaintiffs' counsel may send a second identical notice by first-class mail to potential plaintiffs from whom they have not received a consent form approximately one month before the deadline for receipt of consent forms. Likewise, for plaintiffs whose mailed notices were returned as undeliverable, Plaintiffs' counsel may send a second identical notice via email if efforts to obtain a correct mailing

address are unsuccessful. However, both for the purposes of settlement and potential recovery of costs, plaintiffs will bear the cost of sending a second postal mailing, which will not be reimbursed by the United States.

Mot. at 4.

### CONCLUSION

The Unopposed Motion for Conditional Certification and Notice is **GRANTED**. The Court conditionally certifies a collective action of current and former FBI employees who have occupied the Investigative Specialist position as a GS-11 at any time from three years prior to the date of the notice to the present. The Court also approves the form of notice proposed by the parties to be provided to potential plaintiffs, and it similarly approves the arrangements proposed for providing that notice to prospective class members.

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Judge